THOMAS J. O'BRIEN, AS ADMINISTRATOR, ETC., RESPONDENT, *v.* HOME BENEFIT SOCIETY, APPELLANT.

*Certificate of a beneficiary association to pay " all the amount realized from one assessment, not exceeding two thousand dollars " — the burden of proving the amount that would be received from one assessment rests upon the plaintiff.*

This action was brought by the plaintiff upon a certificate issued by the defendant, by which it agreed to pay the beneficiary therein named " *all* the amount realized from *one* assessment, not exceeding two thousand dollars." The by-laws of the defendant, which were a part of the contract, provided, among other things, that the amount of the assessment, not exceeding the amount of the certificate, will be paid to the member or his beneficiary, heirs or next of kin; that assessments are only levied when the indemnity fund, by the payment of death and accident claims, is exhausted, and that all claims against the defendant are payable in ninety days from proof of death.

*Held,* that the burden of proving that the amount which would be raised by one assesement exceeded $2,000 rested on the plaintiff, and that, in the absence of evidence to that effect, there was no presumption that it would equal that amount.

That as the plaintiff had introduced no evidence to prove this fact upon the trial the court erred, on denying a motion for a nonsuit, in holding that the certificate fixed the value of the life assured, or the damage by reason of the death, and that that amount could only be reduced by inadequacy of assets, or of assessments or collections, which inadequacy was a matter of affirmative defense which the defendant must plead and prove. (LANDON, J. dissenting.)

*Darrow* v. *Family Fund Society* (42 Hun, 245); *Freeman* v. *Nat. Benefit Society* (Id., 252) distinguished by LANDON, J.

That it also erred in refusing to allow the defendant to introduce evidence showing the amounts realized by the defendant from its assessments, upon the ground that the denials of the allegations of the complaint, in its answer, were not sufficient to authorize the introduction of such evidence. (*Per* WILLIAMS, J.)

APPEAL from a judgment, entered upon the verdict of a jury at the Albany Circuit, in January, 1887, and from an order denying a motion for a new trial.

The action was brought upon a certificate of membership for $2,000, issued by the defendant to the plaintiff's intestate. The defenses were that no recovery could be had in this form of action; that the only remedy was by action in equity to compel defendant to make an assessment and pay over the money realized; and that the certificate was procured by fraud and misrepresentation by the assured, as to his having, prior to that time, been afflicted with rheumatism.

*Blandy & Hatch*, for the appellant.

*E. J. Meegan* and *E. Countryman*, for the respondent.

WILLIAMS, J. :

The first question is whether an action at law is the proper remedy upon such a certificate, assuming the evidence to be sufficient. The certificate itself provides that the membership entitles the assured, his heirs or assigns, in the event of death, within ninety days after proofs of death, to all of the amount realized from one assessment, not exceeding $2,000. The conditions indorsed on the certificate provide that the certificate, application, by-laws and rules and regulations of defendant, constitute a contract between the parties. The by-laws provide that it shall be the duty of the executive committee to examine proofs of death and order payment of claims, that upon the death of a member, the members will be assessed, and the amount of the assessment, not exceeding the amount of the certificate, will be paid to the member or his beneficiary, heirs or next of kin; that assessments are only levied when the indemnity fund by the payment of death and accident claims is exhausted; that all claims against defendant are payable in ninety days from proofs of death; that the certificate shall contain the terms of the agreement between defendant and member to whom issued. From these various provisions of the certificate, condition and by-laws, there must be said to have been an agreement between defendant and assured; that upon the death of the assured, and receipt of proofs, the defendant would make an assessment, upon the members, unless it had sufficient moneys on hand, and would pay over to the assured, his heirs or assigns, within ninety days after receipt of proofs, the amount of such assessment, not exceeding $2,000.

This being so, if no assessment was necessary, because there was enough money on hand, or if the assessment was made and the money realized, then an action at law would be a proper remedy to recover the money so in defendant's custody, properly applicable to the payment of the claim, but which the defendant refused to pay over; and the same would seem to be true if the defendant, whose duty it was to make the assessment, refused to perform that duty, and thereby no money was secured from which to make the payment. (*Darrow Case* and *Freeman Case*, 42 Hun, 245, 252.)

Those two cases were decided by the General Term in this department, and whatever disagreement there may have been upon other subjects, the judges were entirely agreed upon this principle. In the Darrow case the payment was provided to be made from the death fund, and the death fund was made up from assessments upon the members. In the Freeman case the payment was provided to be made of a sum equal to the amount received from a death assessment, but not to exceed the amount of the certificate. In both these cases the actions were at law, and the trials before juries, and in both cases the defense was interposed that the only proper remedy was by action in equity. This defense was overruled in both cases. Those cases are controlling upon us here, and we must, therefore, hold the form of the action proper, providing the evidence given on the trial was sufficient to entitle the plaintiff to recover. It seems to have been assumed that no assessment was ever made, and the answer admits that the defendant refused to pay the claim or any part thereof. There was no proof in the case as to whether there were sufficient funds on hand to pay this claim without making any assessment. The complaint contained no allegations as to funds on hand, or failure to make an assessment, or as to how much an assessment, if made, would have realized, and plaintiff gave no evidence upon this subject. The answer contained no allegations as to want of funds, or as to what an assessment, if made, would have realized. Upon a motion for a nonsuit at the close of the plaintiff's evidence, the court held that the certificate fixed the value of the life assured, or the damage by reason of the death, and that could only be reduced by inadequacy of assets or of assessment or collections, and this would be matter of affirmative defense; and then later in the trial, when defendant's counsel claims now he was about to examine defendant's secretary, as to the amounts realized by the defendant from its assessments, and had asked one question, whether the amount realized was a certain sum, the plaintiff objected to the question as immaterial, and the court thereupon held the mere denial of the allegations of the complaint was not sufficient to authorize the introduction of mitigating evidence. Exceptions were taken to these rulings, and the question is thus raised whether defendant had the burden of showing want of funds, or that an assessment would realize less than the amount of the certificate, and

if so, whether it must have been alleged in the answer, in order to permit the proof to be given. The theory of the plaintiff seems to be that the defendant, having refused to make the assessment to pay the claim, the damages are the full $2,000, and defendant cannot be permitted to show what would have been realized, or that a less sum would have been realized, if it had done as it agreed to do, make the assessment. It must keep its agreement, make the assessment, or else submit to a recovery of the $2,000, if anything is recovered at all. · It does not seem to us this position can be maintained. If the defendant believed the claim was not a valid one, it had a right to refuse not only to pay it, but to make any assessment to pay it; and if the attempt was made to enforce the claim, we see no reason why the defendant might not defend upon both grounds; first, that the claim was invalid, and, second, if found to be valid, that the amount thereof under the contract was less than the full $2,000.

This being so, we are of the opinion, under the contract, one element of plaintiff's case, and involved in his alleged cause of action, was the allegation that one assessment would have realized at least $2,000. Unless it would, the plaintiff was not entitled to recover such amount. He was entitled to recover only so much of such amount as an assessment would have realized. Very likely, in the absence of proof upon this subject, and in view of the failure of defendant to make the assessment, and of defendant's ability to show what would have been realized from such assessment, and plaintiff's inability to do so, it might be presumed that the assessment would have realized the full amount of $2,000. Even if this were so, still it was competent for the defendant to overcome this presumption by proof that the assessment would not have realized a full $2,000, and this, it seems to us, it might do without any affirmative allegation of the fact in the answer. It was in reply to, or contradiction of, an allegation of plaintiff's complaint, or involved at least in the plaintiff's cause of action. The defendant had a general denial in its answer, and this proof was competent under its general denial. We need not consider what proof would have been competent under this rule. Of course witnesses could not speculate or conjecture, as to what persons might refuse to pay their assessments. It is possible the defendant might have shown, that if all

had paid as required, the total assessment would have fallen short of the $2,000. The difficulty is, the defendant was, under the ruling of the trial court, not permitted to give any evidence whatever on the subject, and the jury was instructed to render a verdict for the full amount of $2,000 or nothing. Exceptions were taken to these rulings, and if they were wrong no amount of reasoning from the evidence that was received, as to what could or could not have been proved by the defendant, can be here indulged in.

It seems to us that the error the trial court fell into was in regarding the contract as absolutely one for the payment of $2,000. If that were so, then any defense, by way of mitigation, would need to have been set up in the answer, because the contract itself would have called for the full amount; the agreement would have been to pay that. Here, however, the contract was for no specific amount, but for such sum as an assessment would realize, not exceeding $2,000. Practically the plaintiff claimed, and was called upon to show that it would have realized the full $2,000. The defendant denied this claim, and under this denial might disprove the claim made by plaintiff, and show that the amount realized would have been less than $2,000. There are many other questions involved in this appeal, but as this one seems to require a reversal of the judgment and a new trial of the case, we do not deem it important to pass upon other questions that are raised. It would, in effect, be directing the trial court, in advance, as to the law of the case, which is not within the province of the court on appeal.

Judgment should be reversed and new trial ordered, costs to abide event.

LANDON, J.:

The defendant agreed to pay the beneficiary " all the amount realized from one assessment not exceeding $2,000." In the *Darrow Case* (42 Hun, 245), the agreement was to pay " $5,000 from the death fund of this society." and there was evidence tending to show that the death fund had or ought to have the money. In the *Freeman Case* (42 Hun, 252), the agreement was to pay " a sum equal to the amount received from the death assessment but not to exceed $3,000," and there was evidence tending to show that the amount received from the death assessment would not only equal but exceed $3,000. In neither of those cases did the company make the payment dependent upon

the special assessment to be levied to raise the money for the particular payment. In the Darrow case, the death fund was replenished by assessments ; in the Freeman case, the assessment was the measure of the amount payable, under the limit of $3,000. The fund in the one case being ample, and in the other case the measure of payment being ascertainable upon the evidence, the sums payable by the terms of the contract were exactly ascertainable, and, therefore, in both cases, recoverable at law. In the present case the agreement is that " all of the amount realized from one assessment, not exceeding $2,000," is payable. To recover in an action at law it must be necessary to show what is the amount realized from one assessment. It may be more or less than $2,000. In the absence of evidence there can be no presumption that it will equal $2,000, for that sum is specified as the greatest sum payable, thus clearly implying that it may be less.

There is a provision in the contract that " assessments are only levied when the indemnity fund, the payment of death and accidents, is exhausted." Hence we do not think that no other money except that realized from this particular assessment is applicable to the payment of this beneficiary, but do think the amount realized from one assessment must be shown in order to measure the amount payable to the beneficiary. Clearly, the burden rested upon the plaintiff to show how much he was entitled to under the terms of his policy, and unless that was shown he was only entitled to recover nominal damages. We do not think it was necessary for the plaintiff to prove that the indemnity fund was not exhausted ; that fund was under the care of the defendant and the presumption is that it did its duty, and if it refused to make an assessment in this case it must, in the absence of affirmative proof upon its part, be presumed that no assessment was ordered because none was necessary. If, however, the defendant should show that the indemnity fund was exhausted, and that it refused to levy an assessment to provide for this policy because of the reasons alleged in its answer, then it seems clear that a recovery could not be had in an action at law ; for manifestly the defendant has the right to manage its business according to its sense of right until compelled by the courts to manage it according to their sense of right, and to accomplish the latter result an action in equity would be needful.

But it is enough to say that for the error in refusing to nonsuit the plaintiff upon the case as made the judgment should be reversed, a new trial granted, costs to abide the event.

WILLIAMS, J., concurs in result; LEARNED, P. J., not acting.

Judgment reversed, new trial granted, costs to abide event.